**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAURENCE N. FISHER, | |
| Plaintiff, | NO. 3:08-cv-2114 |
| v. | (JUDGE CAPUTO) |
| COLONEL JEFFREY B. MILLER, et al., | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is the Complaint of *pro se* Plaintiff Laurence Fisher against Defendants Colonel Jeffrey Miller, Lt. Colonel John R. Brown, Lieutenant Nicholas G. Saites, (Doc. 1.) Plaintiff has filed an Application For Leave to Proceed *In Forma Pauperis* (IFP) along with a supporting Affidavit. (Doc. 2.)

28 U.S.C. § 1915 provides a two-step process for reviewing IFP applications. The U.S. Court of Appeals for the Third Circuit has made it clear that this Court should consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review). The decision whether to grant or deny IFP status rests within the sound discretion of the district courts. *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other circuits).

The Court need not consider Plaintiff's financial status because his claims fail the second step of IFP review. Plaintiff appears to bring claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 2000e *et seq.* (commonly known as Title VII). After review of the complaint, the Court concludes that it does not have jurisdiction to review the § 1983 claims, as such review is barred under the *Rooker-Feldman* doctrine. Even if review is not barred, Plaintiff fails to state claims on which relief may be granted. Plaintiff's Title VII claim similarly does not state a claim on which relief may be granted.

Plaintiff claims that he was wrongfully terminated by the Pennsylvania State Police because of alleged workplace misconduct. He explains that his case went before a labor arbitrator who rendered a decision that his employment should be terminated. His factual allegations regarding both his § 1983 and Title VII claims center around this arbitration decision. Plaintiff also explains in his complaint that he appealed the decision to the Commonwealth Court of Pennsylvania,[1] which upheld it, and further to the Pennsylvania Supreme Court, which denied his appeal.

The *Rooker-Feldman* doctrine applies as a limit on federal district court jurisdiction in regard to reviewing the final adjudication of a state's highest court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies equally to orders issued by lower state courts. *Port Auth. Police Benevolent Ass'n v. Port Auth.*, 973 F.2d 169, 178 (3d Cir. 1992). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court

---

[1] The Court takes judicial notice of the Commonwealth court's unreported memorandum opinion upholding the arbitration decision at issue here, *Fisher v. Pa. State Police*, No. 744 C.D. 2007 (Pa. Commw. Ct. Jan. 15, 2008).

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Claims that are "inextricably intertwined" with the state court's decision in a judicial proceeding are essentially a prohibited call to review the state court decision. *Feldman*, 460 U.S. at 483 n. 16. Here, Plaintiff alleges his due process rights under the Fourteenth Amendment to the U.S. Constitution were violated by the arbitration process and that his counsel in arbitration was ineffective in violation of the Sixth Amendment. The Commonwealth Court has already reviewed the arbitration process in Plaintiff's case, upheld the decision, and also disregarded his argument regarding his counsel as untimely raised. *See Fisher v. Pa. State Police*, No. 744 C.D. 2007 (Pa. Commw. Ct. Jan. 15, 2008). This Court cannot entertain Plaintiff's constitutional claims without invalidating the Commonwealth Court's judgment and is thus jurisdictionally barred from doing so.

Even if Plaintiff's § 1983 claims were not barred by the *Rooker-Feldman* doctrine, they would nonetheless fail the second step of IFP review because they fail to state claims on which relief may be granted. As to his claim that his counsel during arbitration was ineffective, the Sixth Amendment guarantee of effective assistance of counsel does not apply to civil cases. *Austin v. United States*, 509 U.S. 602, 608 (1993). As to his Fourteenth Amendment due process claim, in order to state a claim under § 1983, Plaintiff must allege that he was deprived of a property interest under color of state law without due process. *Dykes v. Southeastern Pa. Transp. Auth.*, 68 F.3d 1564, 1570 (3d Cir. 1995). Even assuming Plaintiff properly pled a property interest in his continued employment with the

3

state police, where a due process claim is raised against a public employer, and grievance and arbitration procedures are in place, the Third Circuit Court of Appeals has held that those procedures satisfy due process. *Id*. at 1571.

Finally, Plaintiff's Title VII claim fails to state a claim on which relief may be granted. Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment because of the individual's gender.  42 U.S.C. § 2000e-2(a)(1).  Plaintiff claims that he suffered discrimination on the basis of his sex in the arbitration process. He fails to allege that his employer, the Pennsylvania State Police, engaged in discrimination, but rather takes issue with allegedly discriminatory decision-making of the labor arbitrator. In Pennsylvania, a police officer's right to arbitration is set out in 43 P.S. § 217.1 (commonly known as Act 111). Act 111 sets procedures by which neutral arbitration panels are assembled to address grievances, including representatives from both the public employer and the police officer's union. *See* 43 P.S. § 217.4. An arbitration decision is not therefore an act of the employer for purposes of a Title VII claim.

Because Plaintiff alleges only claims that this Court does not have jurisdiction to entertain or that fail to state a claim on which relief may be granted, the Court denies his application to proceed IFP and dismisses his complaint.

**NOW**, this ___26th___ day of November, 2008, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

(2) The case is **DISMISSED**.

    (3)    The Clerk of the Court shall mark this matter **CLOSED**.

                                                       <u>/s/ A. Richard Caputo</u>
                                                       A. Richard Caputo
                                                       United States District Judge