# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURENCE N. FISHER, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-2114 |
| v. | (JUDGE CAPUTO) |
| COLONEL JEFFREY B. MILLER, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Lawrence Fisher ("Fisher") filed a on November 21, 2008. (Doc. 1.) Fisher brings this action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964. Fisher has also filed an Application For Leave to Proceed *In Forma Pauperis* along with a supporting Affidavit. (Doc. 2.)

28 U.S.C. § 1915 provides a two-step process for reviewing *in forma pauperis* applications. The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)). This Court previously reviewed the motion to proceed IFP, and erroneously considered the failure to state a claim before considering the financial eligibility. (Doc. 8.) Fisher appealed this Court's prior determination to the Third Circuit Court of Appeals who noted that Fisher qualified financially. In light of the court's mandate and after reviewing the financial information provided, I find that Fisher is financially eligible.

As to the second-step of review, this Court must perform a preliminary screening of Plaintiff's Complaint pursuant to § 1915. In light of the Third Circuit Court of Appeal's mandate (Doc. 8), I find that none of the bases for dismissal, listed in § 1915(e)(2)(B), are implicated except as to Fisher's Sixth Amendment claims. As stated in this Court's prior opinion, the right to effective counsel under the Sixth Amendment does not apply to civil cases. *Austin v. United States*, 509 U.S. 602, 608 (1993). Any attempt to amend this claim will be futile. Therefore, Plaintiff's motion to proceed *in forma pauperis* is granted, and this action will proceed except as to Plaintiff's Sixth Amendment claim, which will be dismissed.

**NOW**, this __24th__ day of May, 2010, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**.

(2) Plaintiff's claims under § 1983 for violations of his Sixth Amendment rights are **DISMISSED**.

(3) The Clerk of the Court shall prepare a summons for service by United States Marshals with the complaint on the Defendants named herein.

(4) The Defendants shall respond to the complaint within **twenty-one (21) days** of the date service is made pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge